1  Jerry D. Hemme, Esq. [SBN 99010]
   **GOODE HEMME, APC**
2  6310 Greenwich Dr., Suite 110
   San Diego, California 92122
3  Tel:  858.587.3555
   Fax: 858.587.3545
4  jhemme@sandiegoattorney.com

5  Attorneys for Applicant
   TRANS MOUNTAIN CANADA INC.

6

7

8              **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**
10                   **SAN JOSE DIVISION**

11 *In Re Ex Parte* Application of TRANS      Case No.
   MOUNTAIN CANADA INC.,
12
                   Applicant,              **EX PARTE APPLICATION FOR AN**
13                                          **ORDER UNDER 28 U.S.C. §1782**
   For an Order Pursuant to 28 U.S.C.       **GRANTING LEAVE TO OBTAIN**
14 §1782 Authorizing Discovery for Use      **DISCOVERY FOR USE IN FOREIGN**
   in Foreign Proceedings.                  **PROCEEDINGS**
15

16      Applicant Trans Mountain Canada Inc. ("TMCI") applies to the Court for an

17 order under 28 U.S.C. § 1782(a) granting TMCI leave to issue a subpoena to Google

18 LLC ("Google") to obtain documents for use in a civil proceeding pending before the

19 Court of King's Bench of Alberta, Calgary, File No. 2501 07390 (the "Alberta

20 Action") in which TMCI seeks damages and injunctive relief for misappropriation of

21 confidential and proprietary information, including software and source code, against

22 one of its former contractors and business entities with whom he is affiliated. The

23 discovery TMCI seeks to obtain from Google is aimed at determining the user of the

24 Google account who received a large data transfer initiated from a TMCI workstation

25 that TMCI believes contained its confidential and proprietary information. As

explained in the accompanying memorandum, this Application meets each of the statutory and discretionary factors routinely considered in determining whether to allow discovery under Section 1782.

The Court should consider this Application *ex parte*. "Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Apple Retail UK Ltd*., No. 20-mc-80109, 2020 WL 3833392, at *2 (N.D. Cal. July 8, 2020) (quoting *IPCom GMBH & Co. KG v. Apple Inc*., 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014)); *see also In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010); *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).

In support of this Application, TMCI submits the accompanying memorandum of points and authorities and the Declarations of Martin Pangracs and Jon Spruill. A proposed order is filed herewith and a narrowly-tailored Rule 45 subpoena to be served on Google is attached to this Application as Exhibit A.


Dated: <u>March 9, 2026</u>                              **GOODE HEMME, APC**

By: _____
Jerry D. Hemme, Esq.
Attorneys for Applicant
TRANS MOUNTAIN CANADA INC.

1  Jerry D. Hemme, Esq. [SBN 99010]
   **GOODE HEMME, APC**
2  6310 Greenwich Dr., Suite 110
   San Diego, California 92122
3  Tel:  858.587.3555
   Fax: 858.587.3545
4  jhemme@sandiegoattorney.com

5  Attorneys for Applicant
   TRANS MOUNTAIN CANADA INC.

6

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN JOSE DIVISION**

11 | *In Re Ex Parte* Application of TRANS     Case No.
   | MOUNTAIN CANADA INC.,
12 |
   |              Applicant,                   **MEMORANDUM OF POINTS AND**
13 |                                           **AUTHORITIES IN SUPPORT OF *EX***
   | For an Order Pursuant to 28 U.S.C.        ***PARTE* APPLICATION FOR AN**
14 | §1782 Authorizing Discovery for Use       **ORDER UNDER 28 U.S.C. §1782**
   | in Foreign Proceedings.                   **GRANTING LEAVE TO OBTAIN**
15 |                                           **DISCOVERY FOR USE IN FOREIGN**
   |                                           **PROCEEDINGS**
16

17          Applicant TRANS MOUNTAIN CANADA INC. ("TMCI") hereby submits

18 this Memorandum of Points and Authorities in support of its *Ex Parte* Application for

19 an Order under 28 U.S.C. §1782 ("Section 1782") granting TMCI leave to obtain

20 discovery from Google, LLC ("Google") for use in foreign proceedings as follows:

21                            **INTRODUCTION**

22          TMCI is a plaintiff in a pending Alberta, Canada, court action alleging one of

23 its former consultants, Brandon Kaster ("Kaster"), exfiltrated proprietary software and

24 source code from TMCI in breach of his contractual and fiduciary obligations.

25 Declaration of Martin Pangracs ("Pangracs Decl.") ¶¶ 2, 9, Ex. 1.  Kaster denies the

allegations.  TMCI seeks narrowly-tailored discovery from Google to obtain records necessary to identify the destination account(s), path, and activity associated with an approximately 7.4–7.5 GB transfer from Kaster's TMCI workstation to a Google-affiliated IP address between May 30, 2024 and June 2, 2024.  TMCI cannot identify the precise code or repository removed from its systems and cannot, through Alberta procedures, compel discovery from Google.  Limited Google records will materially assist the Alberta court by confirming the receiving Google account(s), timestamps, IP and device fingerprints, and non-content activity metadata correlated to the transfer, and will either corroborate or refute Kaster's involvement and provide a path to preservation and remediation. The Application satisfies the statutory requirements of Section 1782 and the *Intel* discretionary factors and is narrowly tailored to comply with the Stored Communications Act ("SCA").

# I.    FACTUAL BACKGROUND

## A. The Alberta Action.

TMCI commenced the Alberta action on May 8, 2025, against Kaster, and companies with which he is affiliated - IUVO Consulting Inc. and Tank Engine Ltd. – seeking damages and injunctive relief for misappropriation of confidential and proprietary information, including software and source code, and related breaches. Pangracs Decl. ¶¶ 2, 9, Ex. A.  The Statement of Claim pleads, among other particulars, that Kaster exfiltrated data and information from his TMCI developer workstation to an external Google-affiliated server between at least May 30, 2024 to June 2, 2024.  Pangracs Decl., Ex. A., p. 9.  Specifically, TMCI identified a 7.4–7.5 GB outbound transfer from Kaster's TMCI developer workstation (host D2WZCNF3) (the "Workstation") via Google Chrome to Google IP address 74.125.5.198 during May 30–June 2, 2024, after which the Chrome history for that week alone was

deleted.  Pangracs Decl. ¶ 5; Declaration of Jon Spruill ("Spruill Decl.") ¶¶ 3-4.  .

TMCI terminated its engagement with Kaster on October 31, 2024.  Pangracs Decl. ¶ 8.

**B. Kroll's Findings**.

TMCI engaged Kroll, LLC to investigate the suspected data exfiltration event. Spruill Decl. ¶¶ 1-2.  Kroll's forensic review confirmed sustained Chrome traffic from the Workstation to a Google IP address (74.125.5.198) between May 30–June 2, 2024, with Kaster's Windows user account (kastbra1) active until May 30 and inactive for typical user activity until June 4, 2024, and with Chrome browser history for May 30 – June 2, 2024 missing.  Spruill Decl. ¶¶ 3-4.  Kroll did not identify malicious tooling, unauthorized remote access, or cloud sync activity artifacts on the endpoint, and analysis to date cannot determine the specific files or code that were transferred. Spruill Decl. ¶¶ 4-5.  Kroll determined a possible explanation for the absence of browser artifacts includes targeted deletion, underscoring the need for corroborating account and activity data from Google's side.  Spruill Decl. ¶¶ 4-5

**C. Need for Google discovery.**

In Alberta, TMCI is unable to compel a U.S. non-party service provider to produce the requested non-content account and activity records. The Google-site metadata is likely to reveal the receiving account(s), timestamps, IPs, user agents, device IDs, storage endpoints, and file operation metadata (e.g., Drive activity logs), which cannot otherwise be reconstructed, to correlate and confirm the occurrence, scope, and routing of the transfer, and to identify the individuals involved in the transfer.  Spruill Decl. ¶ 6.

1    **II.    ARGUMENT**

2    **A. 28 U.S.C. § 1782 Broadly Authorizes Discovery in Aid of Foreign**

3    **Proceedings**

4    28 U.S.C. § 1782 "is the product of congressional efforts, over the span of

5    nearly 150 years, to provide federal-court assistance in gathering evidence for use in

6    foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247

7    (2004). Over time, Congress has consistently and "substantially broadened the scope

8    of assistance federal courts could provide for foreign proceedings" under § 1782. *Id.*

9    at 247-49.

10    As relevant here, Section 1782 provides:

11    The district court of the district in which a person resides or is found
      may order him to give his testimony or statement or to produce a
12    document or other thing for use in a proceeding in a foreign or
      international tribunal.... The order may be made ... upon the application
13    of any interested person and may direct that the testimony or statement
      be given, or the document or other thing be produced[.]
14

15    28 U.S.C. § 1782(a). This language "has been distilled to permit district courts to

16    authorize discovery where three general requirements are satisfied: (1) the person

17    from whom the discovery is sought 'resides or is found' in the district of the district

18    court where the application is made; (2) the discovery is 'for use in a proceeding in a

19    foreign or international tribunal'; and (3) the application is made by a foreign or

20    international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d

21    922, 925 (9th Cir. 2019)(quoting § 1782(a)). "Once those three statutory requirements

22    are met, a district court has wide discretion to grant discovery under Section 1782."

23    *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO, 2020

24    U.S. Dist. LEXIS 62009, *5 (N.D. Cal. April 7, 2020).

25

In exercising discretion to grant discovery, district courts consider the four *Intel* factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly burdensome. *Intel*, 542 U.S. at 264-65.

As explained below, because TMCI's Application easily satisfies all three statutory Section 1782 requirements, and all four discretionary factors under *Intel*, the Court should grant TMCI's Application for limited discovery from Google.

**B. TMCI's Application Satisfies the Statutory Requirements of Section 1782.**

TMCI's Application for a narrowly tailored subpoena to Google easily satisfies Section 1782's three statutory requirements.

*First*, Google "resides or is found" in this District because its headquarters and principal offices are in Mountain View, California, within the Northern District. *See United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017 (N.D. Cal. 2023) ("Google's headquarters are in Mountain View, California, which is located within the geographic boundaries of the Northern District of California."). "A business entity is 'found' in the judicial district where it is incorporated or headquartered." *Illumina Cambridge Ltd*, 2020 U.S. Dist. LEXIS 29201 at *8; *see also In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 U.S. Dist. LEXIS 150166 at *4, 12 (N.D. Cal. Aug. 10, 2021) (authorizing discovery from Google under Section 1782 and recognizing that Google is located in the Northern District of California).

*Second*, the discovery TMCI seeks is "for use" in a proceeding before a foreign tribunal, namely, a court in Alberta, Canada, that is currently pending. Pangracs Decl.

¶ 9, Ex. A.  TMCI will use the non-content Google records to prove or disprove the exfiltration, identify recipients, and support injunctive relief and damages in the Alberta Action.  Spruill Decl. ¶ 6.  The Alberta court is receptive to such evidence, and TMCI's Statement of Claim identifies the Google transfer as a central fact. Pangracs Decl. Ex. A.

**Third**, TMCI as the plaintiff in the Alberta action and owner of the exfiltrated data at issue, qualifies as an "interested person" entitled to seek discovery under Section 1782.  Pangracs Decl., ¶ 9, Ex. A.  As the Supreme Court has explained, "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256.

## C. The Discretionary *Intel* factors Support Granting the Application.

### 1. The First *Intel* Factor Weighs in Favor of Granting the Application: Google Is Not a Party to the Foreign Proceeding and Cannot Be Compelled by the Alberta Court to Provide the Requested Discovery.

The first *Intel* factor favors approval of TMCI's Application for discovery from Google because Google is not a participant in the Alberta Action and the Alberta court lacks jurisdiction to compel Google to produce the requested records.  As the Supreme Court explained, "nonparticipants in [a] foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264; *see also, e.g., London v. Does*, 279 F.App'x 513, 515 (9th Cir. 2008) (granting application and explaining that "[a]bsent this [Section 1782] discovery, the evidence sought may be unattainable in the [foreign] court while it is within the district court's jurisdiction and accessible in the United States"); *Thompson v. Doel*, No. 5:13-cv-80088-EJD-PSG, 2013 U.S. Dist. LEXIS 145779, *4-5  (N.D. Cal. Oct. 7, 2013) (determining first *Intel* factor weighed in favor granting application for discovery from Google where the

requested information was not within the immediate reach of a Canadian tribunal because Google was not a party in the Canadian case and is not a Canadian company). "In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Application of Apple Retail UK Ltd.*, No. 20-mc-80109-VKD, 2020 U.S. Dist. LEXIS 119879, *5-6 (N.D. Cal. July 8, 2020). This Application is the only mechanism through which TMCI may gain access to records that TMCI believes will show Kaster's wrongful exfiltration of TMCI's proprietary information. Thus, the first *Intel* factor weighs heavily in favor of granting TMCI's Application.

> ### 2. The Second *Intel* Factor Weighs in Favor of Granting the Application: The Alberta Court Will Not Reject Evidence Obtained Pursuant to Section 1782.

The second *Intel* factor – the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance – also weighs in favor of authorizing the discovery. "'In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782' courts tend to 'err on the side of permitting discovery.'" *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, *12 (N. D. Cal. March 24, 2016); *see also In re Request for Judicial Assistance from the Seoul Dist. Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977)(stating "our federal courts should not feel obliged to involve themselves in technical questions of foreign law relating to subject-matter jurisdiction of foreign or international tribunals, or the admissibility before such tribunals of the testimony or material sought").

Here, "[t]he foreign tribunal is a Canadian civil court with familiar legal procedures and safeguards, proceeding in a fashion typical to American lawsuits." *In re Omniarch Capital Corp*., No. 16-cv-02991-CAB-AGS2017 U.S. Dist. LEXIS 71507, *4 (S.D. Cal. May 10, 2017). "[T]he Canadian government has long been receptive to such American judicial cooperation." *Id.; see also In re Ex parte Application of Al-Baldawi,* No. 5:22-mc-80329-EJD,  2023 U.S. Dist. LEXIS 90056, *6* (N.D. Cal. May 23, 2023)("Canadian courts have said they 'generally will be reluctant to prevent someone from gathering evidence extraterritorially, as its ultimate admissibility in a Canadian proceeding will be determined by the Canadian courts.'")

Courts in this district have routinely allowed applicants to obtain third-party Section 1782 discovery related to litigation in Canadian courts, including those in the Alberta province.  *See Thompson v. Doel*, 2013 U.S. Dist. LEXIS 145779 (granting 1782 application for discovery from Google for use in connection with defamation case pending before court in Alberta, Canada); *Xie v. Lai, No*., 19-MC-26 80287-SVK, 2019 U.S. Dist. LEXIS 219306 (N.D. Cal. Dec. 20, 2019)(granting 1782 application for issuance of a document subpoena to Google for use in a proceeding pending before the British Columbia Supreme Court); *In re Pro-Sys Consultants*, No. 16-MC-80117-DMR, 2016 U.S. Dist. LEXIS 81463 (N.D. Cal. June 21, 2016) (granting application to issue a deposition subpoena under Section 1782 to obtain testimony for use in a proceeding before the Supreme Court of British Columbia).

The alleged exfiltration of TMCI's confidential and proprietary information is a significant component of TMCI's Canadian lawsuit.  Pangracs Decl., Ex. A.  The discovery sought from Google is relevant to TMCI's claims based on the exfiltration of its data.  Because there is no "authoritative evidence" that the court in Alberta

would reject the evidence requested by the proposed subpoena, the second *Intel* factor, too, weighs in favor of granting TMCI's  Application

### 3.  The Third *Intel* Factor Is Satisfied: TMCI's Application Does Not Attempt to Circumvent Foreign Proof-Gathering Restrictions.

The third *Intel* factor weighs in favor of discovery because TMCI's Application does not "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel*, 542 U.S. at 264-65. TMCI is not aware of any restrictions on proof-gathering procedures in Canada that would prohibit obtaining the discovery it seeks through his Application.  TMCI has diligently pursued internal investigation, retained an independent third-party specialist – Kroll – to investigate, and brought claims for the misappropriation of its confidential and proprietary information in Alberta.  Pangracs Decl. ¶¶ 5-9.  By its Application, TMCI is not seeking to circumvent the Alberta court's proof-gathering procedures; rather, TMCI cannot obtain Google's U.S.-hosted records by Alberta process because it has no jurisdiction to do so.  Accordingly, the third *Intel* factor weighs in favor of granting TMCI's Application.

### 4.  The Fourth *Intel* Factor Is Satisfied: TMCI's Application Is Not Unduly Burdensome

The fourth *Intel* factor is satisfied if an applicant's discovery request is not "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.  "Courts look to the Federal Rules of Civil Procedure to determine the proper scope of discovery arising out of a § 1782 application." *Digital Shape Techs., Inc. v. Glassdoor, Inc*., No. 16-mc-80150-JSC, 2016 U.S. Dist. LEXIS 141534, *9  (N.D. Cal. Oct. 12, 2016).  Rule 26(b) of the Rules of Civil Procedure permits discovery concerning any nonprivileged matter that is relevant to any party's claim or defense provided that it is "proportional to the needs

9

of the case, considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.

Civ. P. 26(b)(1); *Digital Shape Techs., Inc. v. Glassdoor, Inc*., 2016 U.S. Dist. LEXIS

141534 at *9.  Requests under Section 1782 "are unduly intrusive and burdensome

where they are not narrowly tailored, request confidential information and appear to

be a broad 'fishing expedition' for irrelevant information.  *In re Qualcomm Inc*., 162

F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

Here, the subpoena is narrowly time-bounded (May 30–June 2, 2024), scopes to

the specific host and IP transfer window, and seeks ***non-content*** records of Google to

correlate and confirm the occurrence, scope, and routing of the transfer of TMCI's

exfiltrated data, and to identify involved account(s).  It does not seek the disclosure of

the contents of any communications stored by Google and thus comports with the

Stored Communications Act.  The information sought is also critically relevant to

proving the exfiltration of TMCI's proprietary information, including by identifying

with whom the information was shared and by what means.

Other courts in this district have allowed the service of subpoenas under Section

1782 that seek similar records.  *See e.g., In re Hattori*, No. 21-MC-80236-TSH, 2021

U.S. Dist. LEXIS 198402, at *13-14 (N.D. Cal. Oct. 14, 2021)(find proposed

discovery narrowly tailored where it sought "discovery of only personal identifying

information such as names, addresses, telephone numbers, and e-mail addresses, or

information that will lead to the discovery of personal identifying information such as

access log for very limited periods of time, which information is stored by Google in

the ordinary course of its business"); *In re Med. Corp. Seishinkai*, No. 21-MC-80160-

SVK, 2021 U.S. Dist. LEXIS 150166 (granting application for discovery from Google for user account information and access logs);  *In re Barney*, No. 22-mc-80154-HSG, 2022 U.S. Dist. LEXIS 227951 (N.D. Cal. Dec. 19, 2022)(granting 1782 application for a subpoena to Google for IP addresses and subscriber information of individuals who controlled certain specified Google accounts); *In re Ontario Principals' Council*, No. 5:13-mc-80237-LHK-PSG, 2013 U.S. Dist. LEXIS 160726, *7 (N.D. Cal. Nov. 8, 2013)(granting 1782 application for a subpoena seeking subscriber data and IP address login information from certain "Topix" users); *Ex parte Application of Korea Football Ass'n*, No. 5:25-mc-80380-EJD 2025 U.S. Dist. LEXIS 256148, *9 (N.D. Cal. Dec. 10, 2025)(granting, in part, 1782 application for a subpoena requesting user information [names, DOBs, addresses, email addresses, and telephone numbers] and access logs including the dates, times, IP addresses, port numbers, and destination IP addresses for an anonymous individual using a specific YouTube handle).

Given the narrowly tailored scope of the documents requested by the proposed subpoena, the fourth *Intel* factor weighs in favor of granting TMCI's Application.

## CONCLUSION

For the foregoing reasons, TMCI respectfully requests the Court grant its Application and issue an Order authorizing the issuance of the subpoena attached to the Application as Exhibit A.


Dated: <u>March 9, 2026</u>                                    **GOODE HEMME, APC**

By: _____

Jerry D. Hemme, Esq.
Attorneys for Applicant
TRANS MOUNTAIN CANADA INC.

Exhibit "A"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Trans Mountain Canada Inc. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| Google, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     GOOGLE, LLC, C/O Custodian of Records, 1600 Amphitheatre Parkway, Mountain View, CA 94043

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

       *CLERK OF COURT*

                       OR

_____      _____
      *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Trans Mountain Canada Inc. _____ , who issues or requests this subpoena, are:

Jerry D. Hemme, Goode Hemme APC, 6310 Greenwich Dr #110, San Diego, CA 92122

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# ATTACHMENT 1

## Definitions

A.    "GOOGLE", "YOU" and "YOUR" mean Google LLC, and all of its predecessors, successors, divisions, parents, subsidiaries, affiliates, and any other organization on which Google LLC has a controlling interest.

B.    "GOOGLE ACCOUNTS" means any Google account(s) that uploaded to or otherwise interacted with Google endpoints receiving data from the SOURCE HOST via the SOURCE BROWSER during the RELEVANT TIMEFRAME and whose activity correlates to the DESTINATION IP.

C.    "DOCUMENT(S)" means documents, electronically stored information, or tangible things, as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure.

D.    "RELEVANT TIMEFRAME" means May 30, 2024 through June 2, 2024 (inclusive).

E.    "SOURCE HOST" means Trans Mountain Canada Inc. endpoint "D2WZCNF3" (Windows 10 Enterprise).

F.    "SOURCE BROWSER" means Google Chrome from the Source Host.

G.    "DESTINATION IP" means 74.125.5.198 (Google-affiliated).

## Instructions

1.    In responding to the following requests, furnish all documents within YOUR possession, custody, or control as well as all documents within the possession, custody, or control of YOUR agents, representatives, employees, attorneys, or any other person or entity acting on YOUR behalf.

2.    These Requests call for the production of originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the documents described in these Requests.

3.    If You cannot fully respond to the following Requests after exercising due diligence to secure the documents requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested documents.

4.    Documents produced in response to these Requests shall be organized and labeled to correspond with the categories in these Requests or shall be produced as they are kept in the usual course of business. File folders with tabs or labels or directories of filed identifying documents called for by these requests must be produced intact with such documents.

5.      Any documents consisting of electronically stored information shall be produced in native electronic format, and as necessary, shall be produced together with any data, software or other tools necessary to permit the demanding party to locate, identify and read the responsive information contained therein as readily as can the responding party.  To the extent production in native format is not possible, produce electronically stored information in a readily usable or understandable form that does not reduce searchability of the data and includes or retains any metadata associated therewith those.

6.      You must preserve any Documents responsive to these Requests, and these Requests serve to put You on notice of Your obligation to do so.

## Requests For Documents

**REQUEST NO. 1:**  DOCUMENTS sufficient to show subscriber information affiliated with the GOOGLE ACCOUNTS, including but not limited to the name, recovery email(s), recovery phone(s), account creation date, associated Google Account ID (GAIA), and any other available non-content identifiers for the GOOGLE ACCOUNTS.

**REQUEST NO. 2:** DOCUMENTS sufficient to show the access and session information for the GOOGLE ACCOUNTS during the RELEVANT TIMEFRAME, including non-content logs for the GOOGLE ACCOUNTS during the RELEVANT TIMEFRAME sufficient to show:

   a.      Login/authentication timestamps;

   b.      Source IP addresses, ports (if logged), and geolocation metadata (if maintained);

   c.      Device/browser identifiers (e.g., user agent strings, device IDs, cookies, hashed device tokens);

   d.      Session identifiers and durations;

   e.      Two-factor prompts (if any) without disclosing codes or content.

**REQUEST NO. 3:**  For the GOOGLE ACCOUNTS during the RELEVANT TIMEFRAME, DOCUMENTS reflecting non-content metadata sufficient to show Google Drive/Photos/Takeout or other storage activity events, including but not limited to:

   a.      Timestamps of uploads, creations, moves, renames, or shares;

   b.      File size(s) and hash(es), if maintained;

   c.      Target storage endpoint(s) (e.g., Drive root, shared drive ID, folder IDs);

   d.      Indication of whether data was uploaded from a web session, Google Takeout import, or other browser-mediated endpoint.

**<u>REQUEST NO. 4:</u>** DOCUMENTS sufficient to show the GOOGLE ingress endpoints receiving data from the DESTINATION IP during the RELEVANT TIMEFRAME, including the GOOGLE service name, endpoint label, and time-bounded session identifiers.